**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES OSCAR WRIGHT,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 14-21 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DEBRA SAUERS, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |


**MEMORANDUM OPINION AND ORDER[1]**

**M.J. Susan Paradise Baxter**

This civil rights action was filed in this Court on January 24, 2014. Plaintiff brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration at SCI Forest.

By Order dated January 29, 2014, Plaintiff was directed to either pay the full filing fee and administrative fee, or to file a motion seeking leave to proceed in forma pauperis, before February 7, 2014. Plaintiff was warned that his failure to comply would result in the dismissal of this action due to his failure to prosecute this case. ECF No. 2.

As of today's date, Plaintiff has neither paid the filing and administrative fees nor filed a motion seeking in forma pauperis status.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility;

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF No. 3.

2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court will dismiss this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several weeks old, yet Plaintiff has not taken the initial steps in paying the required filing fee. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES OSCAR WRIGHT,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 14-21 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DEBRA SAUERS, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 18th day of February, 2014;

IT IS HEREBY ORDERED that this case is dismissed due to Plaintiff's failure to prosecute.

The Clerk of Court is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge